IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH,<br><br>    Plaintiff,<br><br>vs.<br><br>MIKE HILGERS,<br><br>    Defendant. | **4:25CV3164**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on Plaintiff Brendan Welch's complaint filed on August 5, 2025, Filing No. 1, and its supplement filed on October 15, 2025. Filing No. 9. Plaintiff was granted leave to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

  The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

  "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs

must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff sues Nebraska Attorney General, Mike Hilgers, asking this Court to declare Nebraska's sovereign immunity, Political Subdivision Tort Claims Act (PSTCA), Neb. Rev. Stat. §§ 13-901 to 13-928, and State Tort Claims Act (STCA), Neb. Rev. Stat. §§ Sections 81-8,209 to 81-8,235, unconstitutional. The following summarizes Plaintiff's claims.[1]

Plaintiff filed three cases in Small Claims Court in Lancaster County, Nebraska, and each was transferred to the County Court by the defense.

---

[1] To fully understand Plaintiff's claims, the Court takes judicial notice of the relevant state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

2

In *Welch v. Roy Parrish*, CI 25-2629 (Lancaster Cnty. Ct.), Plaintiff sought recovery of damages arising from a motor vehicle accident that occurred on February 13, 2025, between Plaintiff's vehicle and a StarTran city bus. The bus was operated by the defendant, Roy Parrish, who was working in the course and scope of his employment for the City of Lincoln. On April 18, 2025, the County Court granted the defendant's motion to dismiss because Plaintiff had not satisfied the pre-suit filing requirements of the PSTCA prior to filing a lawsuit. The case was dismissed without prejudice. Plaintiff did not appeal the judgment of dismissal.

In *Welch v. Capital Towing and City of Lincoln Parking Services Division,* CI 25-7500 (Lancaster Cnty. Ct.), Plaintiff sought damages for three City of Lincoln parking tickets, towing costs, emotional distress resulting from being stranded when his cargo van was towed, and his court costs. The city moved to dismiss, arguing any court challenge to the tickets must be filed before the District Court, not the County Court, and Plaintiff failed to file a pre-suit claim as required under the PSTCA. Plaintiff responded on July 17, 2025, arguing, among other things, that the PSTCA violates his constitutional rights, including the Supremacy Clause, U.S. Const. art. VI, cl. 2. On August 1, 2025, the County Court dismissed the case without prejudice for lack of subject matter jurisdiction. The Plaintiff did not appeal the dismissal.

In *Welch v. State of Nebraska Administrative DMV Office Financial Responsibility Division and Officer Josh Fullerton,* CI 25-5800 (Lancaster Cnty. Ct.), Plaintiff alleged he suffered monetary damages because his driver's license was suspended by the DMV and an employee of the State. Plaintiff's filing, dated July 24, 2025, argued that the STCA and sovereign immunity violated his constitutional rights and the Supremacy Clause. The State moved to dismiss on August 4, 2025, arguing the STCA provides the exclusive means

for asserting tort claims against the State of Nebraska or any of its agencies, the State did not waive its sovereign immunity, and Nebraska's District Courts have exclusive jurisdiction over tort claims under the STCA and claims under 42 U.S.C. § 1983. The court dismissed the case for lack of subject matter jurisdiction on August 11, 2025, explaining:

> EVERY County Court Judge lacks jurisdiction to address the claims filed by Plaintiff. District Court has exclusive jurisdiction over lawsuits filed against the State of Nebraska.
> . . .
>
> Neb.Rev.Stat. Section 81-8,214 State Tort Claims Act; "The district court, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any suit or tort claim. Suits shall be brought in the district court of the county in which the act or omission complained of occurred or, if the act or omission occurred outside the boundaries of the State of Nebraska, in the district court for Lancaster County."

Plaintiff did not appeal the dismissal of his case.

Plaintiff filed this federal case on August 5, 2025, Filing No. 1, with a supplement to add the third County Court decision filed on October 15, 2025. Filing No. 9. He claims the dismissal of his County Court cases resulted in denial of his constitutional rights. He asks this court to declare sovereign immunity, the PTSCA, and the STCA unconstitutional under the Supremacy Clause of the United States Constitution.

### III. DISCUSSION

A federal district court is not a substitute for state court appellate review. Only the United States Supreme Court has federal appellate jurisdiction over state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker–Feldman*[2] doctrine prevents a

---

[2] *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

4

party who loses in state court from appealing an adverse state decision to the lower federal courts. *Id.*

Nebraska's judges are fully capable of ruling on Plaintiff's federal constitutional claims. But rather than raise his constitutional challenges on direct appeal from the adverse County Court rulings, Plaintiff asks this Court to rule on the constitutionality of Nebraska's sovereign immunity, PTSCA, and STCA. The *Rooker-Feldman* doctrine bars this Court from doing so.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2). This court lacks subject matter jurisdiction over Plaintiff's complaint. This case must be dismissed.

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.
3. The plaintiff's motion for summons, Filing No. 3, is denied.

Dated this 26th day of November, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

5